## IN THE SUPERIOR OURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| PEOPLE OF THE VIRGIN ISLANDS, | ) | |
| | ) | CASE NO. ST-2019-CR-0000186 |
| Plaintiff, | ) | |
| vs. | ) | 19 V.I.C. § 604(a)(1) |
| | ) | |
| AHMAUD RODRIGUEZ, | ) | |
| (D.O.B: 11-16-94) | ) | |
| Defendant. | ) | |
| | ) | |

Cite as: 2020 V.I. Super 3U

## MEMORANDUM OPINION AND ORDER

¶1     Pending before the Court are the following:

1. Motion to Suppress Evidence, filed on October 4, 2019;
2. Memorandum in Support of Motion to Suppress Evidence, filed on filed on October 4, 2019; and
3. Opposition to Defendant's Motion to Suppress, filed on November 8, 2019.

¶2     The Defendant seeks to suppress the marijuana and any other evidence seized by the police on August 15, 2019. Neither party requested an evidentiary hearing on the Motion to Suppress Evidence and agreed to have the Motion decided based upon the filings and the record. The Motion will be denied because the Court finds that the search and seizure that led the police onto the property in question was reasonable within the meaning of the Fourth Amendment.

## I.   FACTUAL AND PROCEDURAL BACKGROUND.

¶3     On Thursday, August 15, 2019, at approximately 1110 hours, Virgin Islands Police Officers K. Gabriel and Shakim Mike were conducting an inspection of Smith Bay in the vicinity of Louie's Market, which Mike described as a high crime and high drug trafficking area.[1] As he was making his inspection, Mike observed a male, later identified as Ahmaud Rodriguez, "sitting in a blue chair that was inside of a boat trailer in the yard of Smith Bay #97."[2] Mike saw Rodriguez "rolling what appeared to be a marijuana cigarette in plain view."[3] Mike reversed the vehicle and approached Rodriguez and advised Rodriguez of the "Marijuana laws of the Virgin Islands."[4] Rodriguez

---

[1] Probable Cause Fact Sheet (August 16, 2019) at page 1.

[2] *Id.* at 1-2.

[3] *Id.* at 2.

[4] *Id.* at 2.

continued to roll his marijuana cigarette.[5] Mike "instructed Rodriguez to stand up as [Mike] continued to ascertain if a crime was taking place."[6]

¶4     As Rodriguez stood up, Mike "observed a large zip lock bag containing lose marijuana that was located directly under Mr. Rodriguez and it appeared that he was sitting on top of same."[7] Rodriguez stated "That is my personal weed to smoke" and was then detained for further investigation.[8] Mike then "picked up the large zip lock bags of marijuana and discovered a glass mason jar containing 11 zip lock bag of marijuana, two packs of Apple brand zip lock baggies that are used to store narcotics for sales and a brown pack of wrapping paper."[9]

¶5     Rodriguez was advised of his constitutional rights and placed under arrest for possession of narcotics with intent to distribute in violation of 19 V.I.C. § 604(a)(1).[10] Gabriel and Mike field-tested the leafy green substance recovered from Rodriguez which tested positive for marijuana.[11] The marijuana recovered from Rodriguez totaled 3.9 ounces.[12]

## II.  LEGAL STANDARD

¶6     The Fourth Amendment of the U.S. Constitution applies to the U.S. Virgin Islands pursuant to section 3 of the Revised Organic Act of 1954.[13] The Fourth Amendment protects individuals from "unreasonable searches and seizures."[14] Searches conducted without a warrant are "per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions."[15]

¶7     When seeking to suppress evidence obtained through an allegedly unconstitutional search or seizure,  the burden of proof is on the defendant who moves to suppress evidence.[16] In the instant

---

[5] *Id.* at 2.

[6] *Id.* at 2.

[7] *Id.* at 2.

[8] *Id.* at 2

[9] *Id.* at 2.

[10] *Id.* at 2 and 4.

[11] *Id.* at 3.

[12] *Id.* at 3.

[13] *Simmonds v. People of the Virgin Islands*, 53 V.I. 549, 555-556 (V.I. 2010). The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995), reprinted in V.I. Code Ann., Historical Documents, Organic Acts, and U.S. Constitution at 73-177 (1995) (preceding V.I. Code Ann. tit. 1).

[14] U.S. CONST. amend IV.

[15] *Mincy v. Arizona*, 437 U.S. 385, 390 (1978); *Horton v. California*, 496 U.S. 128, 133 (1990) (opining that the general rule is that warrantless searches are presumptively unreasonable).

[16] *People of the Virgin Islands v. Samuel*, Super. Ct. Crim. No. SX–09–CR–556, 2010 WL 7746081, at *3 (V.I. Super. Ct. Nov. 12, 2010) (unpublished) (citations omitted).

case, Rodriguez has sustained his burden by establishing that he was detained and searched without a warrant. The lack of a warrant shifts the burden to the People to prove "that each individual act constituting a search or seizure under the Fourth Amendment was reasonable."[17] The burden is on "the People to demonstrate by clear and convincing evidence that the governmental activity fell within some recognized exception to the warrant requirement."[18]

¶8      "[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has seized that person, and the Fourth Amendment requires that the seizure be 'reasonable'."[19] "The Fourth Amendment's protection extends to all seizures, including brief investigatory stops."[20] "Reasonableness is an objective inquiry measured by examining the totality of the circumstances surrounding the search or seizure and the nature of the search or seizure itself."[21] A search or seizure without a warrant is unreasonable absent the applicability of one of a few, well-delineated exceptions.[22] One such exception is the investigatory stop and frisk.

¶9      When an officer has "reasonable and articulable suspicion of criminal activity afoot," the officer may stop the individual and make reasonable inquiries.[23] In *Terry v. Ohio*, the United States Supreme Court held that a police officer may conduct a brief, investigatory stop and conduct a quick pat-down search for weapons without a warrant and on less than probable cause if the officer has a reasonable and articulable suspicion of criminal activity.[24]

¶10     To determine whether an officer acted reasonably in such circumstances, the Court need not focus on "his inchoate and unparticularized suspicion or hunch."[25] Rather, the officer must articulate "specific reasonable inferences which he is entitled to draw from the facts in light of his experience."[26]

---

[17] *People of the Virgin Islands v. Pryce,* Super. Ct. Crim. No. SX-15-CR-069, 2015 WL 13579326, at *1 (V.I. Super. July 27, 2015) (unpublished).

[18] *People of Virgin Islands v. Archibald,* 50 V.I. 74, 85 (V.I. Super Ct. 2008) (citations omitted).

[19] *Brown v. Texas,* 443 U.S. 47, 50 (1979).

[20] *People v. Heath,* 63 V.I. 80, 88 (V.I. Super. Ct. 2015) (citing to *United States, v. Johnson,* 620 F.3d 685, 690 (6th Cir. 2010).

[21] *People of the Virgin Islands v. Prentice,* 64 V.I. 79, 89 (V.I. Super. Feb. 23, 2016) (citing *United States v. Montoya de Hernandez,* 473 U.S. 531, 537 (1985) and *Ohio v. Robinette,* 519 U.S. 33, 39 (1996)).

[22] *Browne v. People,* 56 V.I. 207, 217 (V.I. 2012) (quoting *Katz v. United States,* 389 U.S. 347, 357 (1967)).

[23] *Blyden,* 53 V.I. at 648 (quoting *Terry,* 392 U.S. at 27, 30).

[24] *Terry v. Ohio,* 392 U.S. 1 (1968).

[25] *People v. Looby,* 68 V.I. 683, 695 (quoting *Terry,* 292 U.S. at 27).

[26] *Id.*

### A. The Officers Entry onto #97 Smith Bay Was a Valid Intrusion.

¶11    In the instant case, the police observed Rodriguez rolling a marijuana cigarette in plain sight. Therefore, they had reason to approach Rodriquez and question him. In appropriate circumstances, the Fourth Amendment allows a properly limited 'search' or 'seizure' on facts that do not constitute probable cause to arrest or to search for contraband or evidence of a crime."[27] The Court finds that the police had reasonable grounds to believe that criminal activity may be occurring when Mike observed Rodriguez rolling what appeared to be a marijuana cigarette.

¶12    Rodriquez argues that the police "came into Mr. Rodriguez's yard without a warrant." However, his Motion was not accompanied by an affidavit or any exhibits from which this Court could base an evidentiary finding of fact that the yard in question belonged to Rodriguez or that he was a tenant.

¶13    Rodriguez claims that the yard surrounding "his house, was fenced, was private, and his boat personal property as in the yard." Relying upon *Horton v. California*[28], Rodriguez claims Fourth Amendment protection of the curtilage of a home extended to where he was sitting in his boat trailer. There is nothing in the record to support Rodriguez's argument that the search and seizure took place within the curtilage of his home. There is nothing in the record upon which the Court can make a finding that the boat trailer was part of the curtilage of Rodriguez's home. To the contrary, the Probable Cause Fact Sheet indicates that the police observed Rodriguez's activity from their police vehicle. The Court finds that Rodriguez had no reasonable expectation of privacy sitting in his alleged yard in such a manner that the police could observe what he was doing as they drove by.

### B. The Police Lawfully Seized Rodriguez's Marijuana Under the Plain View Doctrine.

¶14    The Probable Cause Fact sheet clearly sets forth that the police were able to see the marijuana in Rodriguez's hands. Under the plain view doctrine, law enforcement may seize evidence without a warrant if:

> (1) [t]he officer observes an object from a vantage point that is reached by a prior valid intrusion or the officer is otherwise legitimately at that location. (2) The officer is in a location to seize the object lawfully. (3) The incriminating character of the object is immediately apparent.[29]

---

[27] *United States v. Brignoni-Ponce, 422 U.S. 873, 882 (1975).*

[28] *Horton v. California*, 496 U.S. 128, 135 (1990).

[29] Thomas K. Clancy, THE FOURTH AMENDMENT ITS HISTORY AND INTERPRETATION 455-456 (3d ed. 2017) citing *Horton v. California*, 496 U.S. 128, 136-137 (1990).

¶15    Mike's intrusion onto the property allegedly owned by Rodriguez valid was Mike was investigating an ongoing crime: Rodriguez was in possession of marijuana which was in plain view. Further investigation and questioning revealed additional marijuana and multiple baggies that indicated the marijuana was not only for Rodriguez's personal use. The seizure of Rodriguez's marijuana falls into the plain view exception to a warrantless search and seizure.[30]

¶16    Rodriguez misstates the holding of *Horton v. California*[31] for the proposition that "**Plain view alone is never enough to justify the warrantless seizure of evidence** and the discovery of evidence in plain view must be inadvertent." Rodriguez's Memorandum of Law quotes from a section of the Supreme Court's opinion which critiques that inadvertent discovery analysis:

> Justice Stewart's analysis of the "plain-view" doctrine did not command a majority, and a plurality of the Court has since made clear that the discussion is "not a binding precedent." *Texas v. Brown,* 460 U.S. 730, 737, 103 S.Ct. 1535, 1541, 75 L.Ed.2d 502 (1983) (opinion of REHNQUIST, J.).[32]

¶17    Contrary to Rodriguez's argument, the Supreme Court in *Horton v. California* held that the Fourth Amendment does not prohibit the warrantless seizure of evidence in plain view even though the discovery of the evidence was not inadvertent. Although inadvertence is a characteristic of most legitimate plain-view seizures, it is not a necessary condition."[33]

### C. The Existence of the Marijuana in Plain Sight Provided Justification for a Search and Seizure Because it Represents a Higher Standard Than Reasonable Suspicion.

¶18    The Virgin Islands Supreme Court has observed that while possession of an ounce or less of marijuana has been decriminalized, "marijuana remains a Schedule I controlled substance under title 19, section 595 of the Virgin Islands Code."[34] Possession of marijuana is still unlawful.[35] Police "officers are permitted to make warrantless seizures of items that are evidence of a crime, contraband, or otherwise subject to seizure."[36] Further,

> Section 607a(b)(1) provides that "[a]ny person who possesses one ounce or less of marijuana ... is subject to forfeiture of the contraband"; section 607a(b)(2) provides that "[a]ny person who openly and publicly displays,

---

[30] 496 U.S. 128, 133.

[31] 496 U.S. 128, 136.

[32] 496 U.S. 128, 136.

[33] 496 U.S. 128.

[34] *Looby* at 696.

[35] *Looby* at 696; and 19 V.I.C. §§ 607(a) and 607a.

[36] *Looby* at 697 (internal citations omitted).

consumes, or uses one ounce or less or marijuana ... is subject to forfeiture of the contraband"; and additionally, section 607(a)(b)(3) provides that "[a]ny person under the age of eighteen at the time of the offense, who possesses one ounce or less of marijuana ... is subject to forfeiture of the contraband."

¶19    Under the circumstances of the instant case, the police had reasonable suspicion, the predicate for a valid stop and frisk, and reasonably concluded that evidence of contraband or of a crime may be present when they saw Rodriguez rolling, in plain sight, what appeared to be a marijuana cigarette. Further, Rodriquez stated "[t]hat is my personal weed to smoke." Rodriguez admitted to possessing weed.   Observing Rodriguez rolling a marijuana cigarette provided reasonable suspicion for the belief that contraband or evidence of a crime was present.

## III. CONCLUSION

¶20    Based upon the foregoing, the Court finds that the officers possessed reasonable suspicion to enter onto the property where  Rodriguez was sitting. The Probable Cause Fact Sheet states that the police were patrolling a high crime and high drug trafficking area. The officers possessed reasonable suspicion to conduct a  search of Rodriguez for contraband. The evidence seized was not the result of an illegal search. Therefore, Rodriguez's Motion to Suppress will be denied.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Suppress Evidence is **DENIED**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

DATED: 1|9|2020

_____
**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:
ESTRELLA H. GEORGE
Clerk of the Court

BY: _____
**Lori Boynes-Tyson**
Chief Deputy Clerk ___/___9___/___2020