IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
August 14, 2023 02:57 PM
ST-2021-CR-00358
**TAMARA CHARLES**
**CLERK OF THE COURT**



**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| PEOPLE OF THE VIRGIN ISLANDS,<br><br>        Plaintiff,<br><br>vs.<br><br>**CAMERON RENALD FRANCIS and**<br>**ROBERT COLLINS, JR.,**<br>        Defendants. | **Case No. ST-2021-CR-00358**<br>**Case No. ST-2021-CR-00359**<br><br>Charges:<br>14 V.I.C. § 2253(a)<br>14 V.I.C. § 2253(f)<br>14 V.I.C. § 2256(a)<br>19 V.I.C. § 604(a)(1)<br>19 V.I.C. § 607(a)<br>19 V.I.C. § 630(a) |

Cite as 2023 VI Super 48U

**MEMORANDUM OPINION**

¶1 **THIS MATTER** is before the Court on Defendant Cameron Renald Francis' ("Defendant Francis") Motion to Suppress, filed on February 10, 2022 ("Motion"). The Motion came on for a suppression hearing on April 17, 2023.

¶2 The People were represented by Assistant Attorney General Eugene J. Connor Jr., Esq. Defendant Francis was present and represented by the Office of the Territorial Public Defender, Alexia L. Furlow, Esq.[1] The only witness was Officer Brad Francis ("Officer Francis") of the Virgin Islands Police Department ("VIPD"). At the conclusion of the suppression hearing, the Court took the matter under advisement.[2] For the reasons set forth herein the Motion will be granted.

---

[1] Defendant Francis' co-defendant, Robert Collins, Jr. (*People v. Robert Collins, Jr.,* Case No. ST-2021-CR-00359), and his counsel were also present.

[2] Upon the request of Defendant Francis, the Court permitted the parties to file written closing arguments, and set a deadline of May 19, 2023, for Defendant Francis and June 2, 2023, for the People. Defendant Francis filed written closing arguments, but the People did not.

*People v. Francis and Collins*                                    Cite as 2023 VI Super 48U
Case Nos. ST-2021-CR-00358 and ST-2022-CR-00359
Memorandum Opinion on Motion to Suppress
Page 2 of 9

## FACTUAL BACKGROUND[3]

¶3      On November 23, 2021, around 5:45 a.m., VIPD received two calls reporting shots being

fired in the Estate Fortuna area, in St. Thomas, USVI, and VIPD dispatched an officer to the area.[4]

In addition to reporting the firing of shots, the two separate callers also reported a white, four door

Jeep leaving the area at a high speed.[5] And one of those callers also stated the vehicle had a black

roof. A responding officer arrived on the scene and found an unresponsive male, and then VIPD's

Special Response Team ("SRT") was dispatched. Officer Francis, as a member of the SRT, was

briefed on the incident before travelling to the scene and estimates he arrived at the scene sometime

between 7:00 a.m. and 8:30 a.m.

¶4      Officer Francis and SRT noted the unresponsive male on the pathway behind a residence

and started to conduct an inspection for other victims, guns, drugs, suspects, and anything unusual.

The SRT Team also walked down to Fortuna beach, which took between 80 and 120 minutes round

trip. Upon SRT's return to the area where the unresponsive male was found, a Homeland Security

agent, who had also responded to the scene, told SRT that a white vehicle was parked behind a

college in the area and that SRT should "check out" the vehicle. Sometime between 11:00 a.m.

and 12:00 p.m., the SRT team proceeded to the area where the white vehicle was reportedly parked

on a road that leads to a dead-end on the western end of St. Thomas. The vehicle was a white

Toyota Corolla that, though visible from the road, was about a five-minute drive, westward,

---

[3] The facts are derived from Officer Francis' testimony at the suppression hearing and exhibits admitted into evidence, as follows: People's Exhibit M1(Warning As to Rights signed by Defendant Francis), and Defendant's Exhibits M1 (photocopy of 911 call detail report for the day of the arrest), and M2 (Defendant Francis' detention report).
[4] Mot. to Suppress Hr'g, Defs.' Ex. M1, April 17, 2023.
[5] *Id.*

*People v. Francis and Collins*
Case Nos. ST-2021-CR-00358 and ST-2022-CR-00359
Memorandum Opinion on Motion to Suppress
Page 3 of 9

Cite as 2023 VI Super 48U

beyond the scene where the unresponsive male was found, so the white Toyota Corolla was not observable from the scene of the incident where shots were reportedly fired.

¶5      Comprising of approximately twelve officers, SRT parked about ten to fifteen yards away from the white Toyota Corolla, and Officer Francis and other SRT members approached the vehicle. As they approached the vehicle, SRT ordered the driver and passenger, at gun point, to step out of the white Toyota Corolla and to walk backwards towards SRT. Given that SRT was investigating a homicide, Officer Francis stated that, for officer safety, weapons were drawn when interacting with the occupants and that the occupants were patted down. The occupants were later identified as Defendant Francis and Defendant Robert Collins, Jr. ("Defendant Collins")[6]. No contraband was found on their persons.

¶6      Officer Francis and one other member of SRT approached the vehicle to ensure it had no more occupants. The windows of the white Toyota Corolla were rolled down, and Officer Francis observed – in clear view on the back seat – a clear mason jar with a green leafy substance, which he suspected was marijuana. Officer Francis also detected a smell of marijuana emanating from the vehicle.

¶7      As a result of the scent of marijuana, SRT conducted a search of the white Toyota Corolla. From the search, SRT recovered various contraband and a laptop.

¶8      Officer Francis acknowledged that the suspects were not free to leave while the search was being conducted, but that once contraband was found in the white Toyota Corolla, Defendant Francis and Collins were put in handcuffs. Defendant Francis was taken to VIPD's command

---

[6] *See supra* note 1.

*People v. Francis and Collins*                                          Cite as 2023 VI Super 48U
Case Nos. ST-2021-CR-00358 and ST-2022-CR-00359
Memorandum Opinion on Motion to Suppress
Page 4 of 9

station where he signed a Warning As To Rights document.[7] Defendant Francis initially claimed

ownership of all the items seized but then only took responsibility for some of the contraband.


## DISCUSSION

¶9      Defendant Francis moves to suppress the physical evidence and his statement to VIPD on

the day of his arrest. Defendant Francis asserts his seizure was unreasonable given that he was

detained and arrested without a warrant and VIPD did not possess the minimal level of justification

required to establish a reasonable and articulable suspicion that the occupants were involved in

any criminal activity.

¶10     Defendant Francis contends the reason given for approaching the white Toyota Corolla –

because of the gunshots in the area and an apparent homicide victim more than five hours earlier

– does not provide reasonable suspicion the occupants, Defendants Francis and Collins, were

engaged in criminal activity. Defendant Francis  argues SRT and Officer Francis did not have

reasonable suspicion of criminal activity being afoot because the 911 callers reported a white Jeep

with a black roof, while Defendant Francis and Defendant Collins were occupying a solid white

Toyota Corolla  more than 5 hours after the white jeep was reported leaving the area at a high rate

of speed.[8] In addition, the reported area of the gunshots is on the far western end of St. Thomas,

on a dead-end road. And Defendant Francis' vehicle was parked beyond the area where shots were

reportedly fired and closer to the dead end. As such, Defendant Francis maintains there was no

---

[7] Mot. to Suppress Hr'g, Pl.'s Ex. M1, April 17, 2023.
[8] Mot. to Suppress Hr'g, Def.'s Ex. M2, April 17, 2023.

*People v. Francis and Collins*　　　　　　　　　　　　　　　' Cite as 2023 VI Super 48U
Case Nos. ST-2021-CR-00358 and ST-2022-CR-00359
Memorandum Opinion on Motion to Suppress
Page 5 of 9

indication or reasonable belief that the occupants of the white Toyota Corolla were involved in any criminal activity. The Court agrees.

*Legal Standard*

¶11　Under the Fourth Amendment, persons are guaranteed the right to be secure from unreasonable searches and seizures. U.S. Const. amend. IV.[9] "A seizure occurs only when a police officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *U.S. v. Crandell*, 554 F.3d 79, 84 (3d Cir. 2009) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968) (internal marks omitted)). Evaluating whether a seizure occurred, the Court is required to consider all objective circumstances of the encounter through "the perspective of the "reasonable" person who is the recipient of the police attention." *People v. Rivera*, Super. Ct. Crim. No. SX-10-CR-464, 2011 WL 13389268, at *2 (V.I. Super. Ct. Aug. 8, 2011) (unpublished) (quoting *Crandell*, 554 F.3d at 85).

¶12　Warrantless searches or seizures are considered *per se* unreasonable save for a few specifically delineated exceptions. *People v. Looby*, 68 V.I. 683, 694 (V.I. 2018); *People v. Cannergeiter*, 65 V.I. 114, 121 (V.I. Super. Ct. 2016). A brief investigatory stop, or a *Terry* stop, qualifies as one of the accepted warrantless exceptions if an officer, based on particularized and objective facts, has reasonable suspicion that criminal activity is afoot. *People v. Pemberton*, 2019 VI Super 118, ¶10; *Blyden v. People of the V.I.*, 53 V.I. 637, 648 (2010); *Cannergeiter*, 65 V.I. at 123. As such, officers must be able to "articulate something more than an inchoate and

---

[9] The Fourth Amendment applies in the U.S. Virgin Islands pursuant to the Revised Organic Act of 1954. *See* 48 U.S.C.A § 1561 (West 1984) ("The right to be secure against unreasonable searches and seizures shall not be violated."); *Blyden v. People of the Virgin Islands*, 53 V.I. 637, 647 n.5 (V.I. 2010).

*People v. Francis and Collins*
Case Nos. ST-2021-CR-00358 and ST-2022-CR-00359
Memorandum Opinion on Motion to Suppress
Page 6 of 9

Cite as 2023 VI Super 48U

unparticularized suspicion or hunch" to justify the investigatory stop. *Pemberton*, ¶10, and *Cannergeiter*, 65 V.I. at 123 (quoting *U.S. v. Sokolow*, 490 U.S. 1, 7 (1989)).

¶13 When a warrantless search or seizure is conducted, the burden is on the People to show by clear and convincing evidence that the action was reasonable, falling within a recognized exception to the warrant requirement. *People v. Rodriguez*, 2020 VI Super 3U (quoting *People of Virgin Islands v. Archibald*, 50 V.I. 74, 85 (V.I. Super Ct. 2008)). Without that, evidence obtained through an unreasonable search or seizure is inadmissible at trial and must be suppressed as "fruit of the poisonous tree." *Castillo v. People*, 59 V.I. 240, 255-56 (V.I. 2013).

*Analysis*

¶14 At the outset, the Court finds Defendant Francis' encounter with VIPD implicates the Fourth Amendment because VIPD, through a show of authority, restrained Defendant Francis' freedom of movement. *Pemberton*, ¶18 n.3 (If a reasonable person, under the circumstances, believes they are not free to leave or ignore an encounter with an officer, the encounter may rise to a *Terry* stop, which must be based on reasonable suspicion.); *U.S. v. Mendenhall*, 446 U.S. 544, 553-54 (1980).[10] Here, Officer Francis argues that SRT, with weapons drawn, ordered the occupants of the white Toyota Corolla to exit the vehicle; and submitting to a show of authority, Defendant Francis and Defendant Collins complied. *Compare Rivera*, 2011 WL 13389268, at *3

---

[10] "Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Mendenhall*, 446 U.S. at 554; *but cf. Blyden*, 53 V.I. at 648 (The seizure of a defendant where police drew their weapons, ordered the defendant to the ground, and handcuffed him was permissible because they possessed reasonable suspicion that the defendant was armed and dangerous.).

*People v. Francis and Collins*
Case Nos. ST-2021-CR-00358 and ST-2022-CR-00359
Memorandum Opinion on Motion to Suppress
Page 7 of 9

Cite as 2023 VI Super 48U

(Where no guns were drawn and no authoritative tone of voice was used, the Court found that "a reasonable person in [Defendant's] shoes would have felt that he or she did not have to comply with the officer's request . . . ."). Here, a reasonable person would not feel free to leave in a situation where, unexpectedly, guns are drawn on them by law enforcement officers about ten to fifteen yards away and are ordered to step out their vehicle.

¶15 "To determine whether officers had reasonable suspicion that criminal activity was afoot at the time officers stopped [Defendant Francis] . . ., the Court considers the totality of the circumstances surrounding the stop." *Pemberton*, ¶21. Indeed, factors that the Court considers include but are not limited to presence in a high crime area, nervous or evasive behavior, and behavior conforming to an officers' specialized knowledge of criminal activity. *Pemberton*, ¶20.

¶16 The Court finds that VIPD had no reasonable suspicion, or probable cause to believe Defendant Francis (or Defendant Collins) was involved in any criminal activity. Here, two separate 911 calls, around 5:45 a.m., reported gunshots being fired. The callers stated they saw a white, four door Jeep with a black roof speeding leaving the Botany Bay area at a high speed. Meanwhile Defendant Francis was encountered in a white Toyota Corolla, which is markedly different than a Jeep,[11] in the opposite direction from which someone leaving the scene of the shooting would conceivably travel.

¶17 Moreover, Officer Francis and about twelve other officers confronted the white Toyota Corolla more than five hours after VIPD received the 911 calls. Officer Francis and SRT did not make any sort of preliminary contact with the occupants of the car to notice any nervous or evasive

---

[11] Jeep vehicles are associated with having "a boxy body shape" that makes it distinguishable from a Toyota Corolla. *See Mahindra & Mahindra, Ltd. v. FCA US, LLC*, Civ. No. 21-2605, 2022 WL 4299770, at *1 (6th Cir. Sept. 19, 2022) (unpublished).

*People v. Francis and Collins*
Case Nos. ST-2021-CR-00358 and ST-2022-CR-00359
Memorandum Opinion on Motion to Suppress
Page 8 of 9

Cite as 2023 VI Super 48U

behavior. Neither was there any testimony of a reason legitimizing VIPD's warrantless conduct – that is, there was no testimony that the vehicle was in a high crime area, nor that SRT observed nervous or evasive behavior from Defendant Francis (or Defendant Collins). Nor did Officer Francis testify as to any inference drawn from his experience, nor may the Court credit him with any experience as he gave no testimony regarding how long he had been an officer, his experience with the area or any other specific reasonable inference that there was criminal activity afoot. The only apparent reason for approaching the white Toyota Corolla was that a Homeland Security agent (who was leaving the area) told SRT to "check out" the vehicle.

¶18      The People have not demonstrated any specific reasonable inference to approach and seize Defendants Francis and Collins. Thus, the court finds that SRT conducted a warrantless seizure of Defendant Francis (and Defendant Collins) without any specific reasonable inference. Because the People have not shown any particularized inference of criminal activity, the Court finds that the seizure of Defendant Francis (and Defendant Collins) was unlawful.

## CONCLUSION

¶19      Defendant Francis was seized and searched without a warrant, and the People have not justified that action with a warrant exception. As a *per se* unreasonable search and seizure with no exception invoked, the interaction of November 23, 2021, yielded evidence that must be suppressed as fruit of a poisonous tree.

¶20      In the interest of judicial economy, the Court will also suppress the evidence as to Defendant Collins in *People v. Robert Collins, Jr.*, Case No. ST-2021-CR-00359.

*People v. Francis and Collins*
Case Nos. ST-2021-CR-00358 and ST-2022-CR-00359
Memorandum Opinion on Motion to Suppress
Page 9 of 9

Cite as 2023 VI Super 48U

An Order consistent with this Memorandum Opinion will be concurrently entered.

DATED: August 14, 2023

ATTEST:
**TAMARA CHARLES**
Clerk of the Court

BY: _____
for **LATOYA CAMACHO**
Court Clerk Supervisor 08 / 14 / 23

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands